IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  08-cv-02255-RPM

BAXA CORPORATION,

     Plaintiff,

v.

SPECIALTY MEDICAL PRODUCTS, INC., and
NEOMED, INC.,

     Defendant.

_____

ORDER OF DISMISSAL
_____

The plaintiff initiated this civil action by a complaint, filed October 16, 2008,

seeking a declaratory judgment that its NeoThrive Enteral Feeding Syringe does not

infringe defendants' trademark and trade dress rights and to cancel the trademark

registration.  Subject matter jurisdiction is claimed under 28 U.S.C. § § 1331, 1338(a),

2201 *et seq.,* and 15 U.S.C. § § 1119, 1221(a).  The first amended complaint was filed

on February 5, 2009, alleging additional factual support for these claims.

The defendants filed a motion to dismiss for lack of personal jurisdiction and

improper venue on March 9, 2009.  The parties have submitted briefs and materials not

included in the allegations of the complaint and amended complaint.  It is undisputed

that the defendants are corporations organized under the laws of the state of Georgia

with their principal place of business in Woodstock, Georgia.  The plaintiff contends that

the defendants are subject to the jurisdiction of this court because they have conducted

business in Colorado by purchasing products from Baxa Corporation from October,

2004, to October, 2007, and that they sent three cease and desist letters to the plaintiff's office in Colorado.  The plaintiff also asserts that there have been telephone conversations and other communications between the parties.  The core of the dispute giving rise to this litigation appears to be that over time the defendants purchased syringes from the plaintiff which were shipped to Georgia and marketed by the defendants for use in the care of infants born prematurely.  The defendants have apparently developed a coloring feature that is said to be distinctively identifying for the equipment they sell.  Information about the defendants' products and their use is available in multiple web sites accessible in Colorado and elsewhere.  Through those web sites, interested persons may learn how to contact the defendants for more information and to purchase their products and to interactively request further information.

The plaintiff claims that the defendants have conducted business in Colorado through their purchases and communications with the plaintiff and through the web sites.  That is not a sufficient basis for general jurisdiction.

The plaintiff also claims that the defendants are subjected to specific personal jurisdiction by purposefully directing their activities to Colorado and that the dispute giving rise to the plaintiff's claims occurred in Colorado and that the defendants have wrongfully asserted their intellectual property rights in Colorado by sending the cease and desist letters to the plaintiff's office here.  These contentions are not persuasive. The defendants are apparently seeking to protect their intellectual property rights throughout the United States and the contentions made in the cease and desist letters address the products being offered by Baxa in catalogs of general circulation.  The third

letter also asserts possible patent protection.

The papers submitted by the plaintiff are not sufficient to establish a *prima facie* showing of personal jurisdiction over the defendants.  The plaintiff asks for limited discovery on the subject but there is nothing to indicate that any particular discovery would be supportive of the plaintiff's position.

Because the plaintiff has failed to show that its claims are based on events or omissions which occurred in Colorado or that the defendants' intellectual property that is the subject of the action is situated in Colorado, there is no venue in this district.

Upon the foregoing, it is

ORDERED that this civil action is dismissed for lack of personal jurisdiction over the defendants and for improper venue.

DATED:   April 13th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge